# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JESSE JACKSON, et al.,<br><br>    Defendants. | Case No. 2:08-CV-0665-KJD<br>           2:05-CR-0008-KJD-GWF<br><br>**ORDER** |

## I. Background

Defendant's instant Motion seeks that the Court set aside or correct his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. Specifically, Defendant avers that his guilty plea was "involuntarily made" because his counsel at sentencing "failed to advise him that by pleading guilty he would lose his federal benefits", and that he "would not have pleaded guilty had he been advised and known he would lose his benefits." (#97 at 4.) Defendant additionally avers ineffective assistance of counsel because his attorney on appeal filed an "Anders Brief". (Id.) See also, Anders v. California, 386 U.S. 738 (1967).

Upon review of the entire record in this case, the Court finds that Defendant's allegations are unsubstantiated and incorrect, and do not merit relief under 28 U.S.C. § 2255.

## II. Legal Standard

Where, as here, a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the defendant can first demonstrate either "cause" and actual "prejudice," or that he is "actually innocent." See Bousley v. United States, 523 U.S. 614, 622 (1998)(citation omitted); United States v. Frady, 456 U.S. 152, 167 (1982).[1] A § 2255 movant can ordinarily establish "cause" by demonstrating that counsel rendered ineffective assistance. See Coleman v. Thompson, 501 U.S. 722, 753–54 (1991). However, attorney error short of constitutional ineffectiveness does not constitute "cause" notwithstanding that the error was due to ignorance, inadvertence or deliberate strategy. See id. at 752.

The familiar two-pronged test defined in Strickland v. Washington, 466 U.S. 668 (1984), controls claims asserting ineffective assistance of counsel. Under the first prong, the § 2255 movant must demonstrate that counsel's conduct was constitutionally deficient in that it fell below an objective standard of reasonableness. See id. at 688. In evaluating counsel's performance, courts must not engage in the distorting analysis of hindsight; rather, they must evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors. See id. at 690. Furthermore, because counsel's competence is presumed, to satisfy this prong, a movant must rebut this presumption by proving that his counsel's representation was unreasonable under prevailing professional norms. See Kimmelman v. Morrison, 477 U.S. 365, 384 (1986). To satisfy the second prong, the movant must demonstrate that counsel's deficient performance prejudiced him. See Strickland, 466 U.S. at 687. Typically, the movant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

---

[1] In its denial of Plaintiff's appeal of his guilty-plea conviction and sentence, the Ninth Circuit Court of Appeals recognized that Defendant's appellate counsel had filed an Anders brief stating that he found no meritorious issues for review. (#89) The Court of Appeals additionally declined to reach the issue of ineffective assistance of counsel. (#89)(citing United States v. McKenna, 327 F.3d 830 (9th Cir. 2003).

2

would have been different. See id. at 694. The burden is undoubtedly on the movant and unless he proves both prongs, his claims fail. See id. at 687.

Here, the Court finds Defendant's allegations are unsubstantiated by the record. As stated above, Defendant avers that his guilty plea was involuntarily made because his counsel at sentencing failed to advise him that by pleading guilty he would lose his federal benefits. This is belied by Defendant's own testimony at his Sentencing Hearing held November 18, 2005. At the hearing, the Court asked Defendant directly "did you read the [Presentence] Report?" (Transcript of Hearing at 3.) Defendant responded affirmatively that he had read the Presentence Report, and then stated that he had also discussed the Report with his attorney, and that his attorney had answered all of Defendant's questions regarding the Report. (Id.) A review of the Presentence Report clearly demonstrates that the United States Office of Probation recommended Defendant be denied federal benefits for life pursuant to 21 U.S.C. § 862(a)(1), and U.S.S.G. § 5F1.6 because it was his third (or subsequent) conviction for a drug trafficking offense. Thus, because Defendant conceded that he had read the Presentence Report containing the recommendation that his federal benefits be denied, the Court finds that Plaintiff has failed to demonstrate that his plea was involuntarily made, or that his counsel's representation was unreasonable.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (#97) is **DENIED**.

DATED this 14th day of April, 2011.

_____
Kent J. Dawson
United States District Judge