# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JESSE JACKSON,<br><br>　　　　Defendant. | Case No. 2:05-CR-0008-KJD-LRL<br><br>**ORDER** |

　　　　Presently before the Court is Defendant Jesse Jackson's Motion for Modification of a Sentence (#107).

　　　　A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). An exception to this general prohibition is provided by 18 U.S.C. § 3582(c)(2), which states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). This provision allows a modification of a term of imprisonment if two requirements are satisfied: "(1) the sentence is 'based on a sentencing range that has subsequently

been lowered by the Sentencing Commission'; and (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.' " United States v. Leniear, 574 F.3d 668, 673 (9th Cir.2009) (quoting 18 U.S.C. § 3582(c)(2)).

Defendant argues that his sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" because his sentence was based on an offense level of 32 under the drug quantity table that, under Amendment 706, has been lowered to 28.[1] He contends that, had he been sentenced under the current regime: his base offense level, under § 2D1.1(c), would have been 28; his total offense level, after application of the two-level enhancement under § 3B1.4, would have been 30; and his criminal history category, from § 4B1.1(b), would have remained VI—resulting in a sentencing range of with a low of 188 months. Because that sentencing range is lower than his range without Amendment 706, he contends that he is eligible for a reduction in sentence.

The Court disagrees. Had Defendant been sentenced under Amendment 706, his sentencing range would have remained 262 to 327 months by operation of the career offender guideline, § 4B1.1(b). United States v. Waters, 648 F.3d 1114, 1117 (9th Cir. 2011) cert. denied, 132 S. Ct. 859, 181 L. Ed. 2d 559 (U.S. 2011). "[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) ... if ... an amendment ... is applicable to the defendant *but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline* or statutory provision." U.S.S.G. § 1B1.10 cmt. n. 1(A) (emphasis added); see also, Waters, 648 F.3d at 1117.
Therefore, the Court must deny Defendant's motion.

Accordingly, IT IS HEREBY ORDERED that Defendant Jesse Jackson's Motion for Modification of a Sentence (#107) is **DENIED**;

---

[1] Defendant argues somewhat different numbers, but based on the amount of drug quantity actually used to determine Defendant's sentence, the new guideline range would begin at 28.

IT IS FURTHER ORDERED that Defendant's Ex Parte Motion for Appointment of Counsel (#109) is **DENIED as moot.**

DATED this 8th day of October 2013.

Kent J. Dawson
United States District Judge